**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PAUL LITTLE,

    Plaintiff,

v.                                            Case No:

RITCHEY'S TRUCK REPAIR, INC. and
RITCHEY'S WRECKER AND TRANSPORT SERVICE, LLC.,

    Defendants.
_____/

**COMPLAINT FOR WHISTLEBLOWER DISCRIMINATION, AMERICANS WITH DISABILITIES ACT RETALIATION, HOSTILE WORK ENVIRONMENT RETALIATION, PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE AMERICANS WITH DISABILITIES ACT OF 1990, THE PATIENT PROTECTION AND AFFORDABLE CARE ACT AS AMENDED AS OF MAY 2010 AND WHISTLEBLOWER PROTECTION ACT OF 1989**

Plaintiff, PAUL LITTLE, by and through the undersigned attorney, files this Complaint against RITCHEY'S TRUCK REPAIR, INC. and RITCHEY'S WRECKER AND TRANSPORT SERVICE, LLC., and states as follows:

**PARTIES**

1. Plaintiff, PAUL LITTLE, is a Florida resident living in Hillsborough County, Florida.

2. At all times pertinent to this suit, Plaintiff's employer was RITCHEY'S TRUCK REPAIR, INC. and RITCHEY'S WRECKER AND TRANSPORT SERVICE, LLC.

3. Bruce Ritchey, at all times pertinent to this suit, was an agent for RITCHEY'S TRUCK REPAIR, INC. and RITCHEY'S WRECKER AND TRANSPORT SERVICE, LLC.

4. Vickie Leach, at all times pertinent to this suit, was an agent for RITCHEY'S TRUCK REPAIR, INC. and RITCHEY'S WRECKER AND TRANSPORT SERVICE, LLC.

5. Defendants, at all time pertinent to this suit, were Florida For Profit Corporations with a Principal Address of 2080 Industrial Park Road, Mulberry, Florida in Polk County, Florida.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., the Whistleblower Protection Act of 1989, 5 U.S.C. §§ 2302(b)(8) to (9) and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117, and the Patient Protection and Affordable Care Act as Amended as of May 2010 42 U.S.C. § 18001. This District possesses venue of this matter pursuant to 42 U.S.C. § 2000e-5(f). The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

## GENERAL FACTUAL ALLEGATIONS

7. Plaintiff realleges paragraphs 1 through 6 as if set forth herein.

8. Plaintiff has exhausted all his administrative remedies.

9. Plaintiff had to retain the undersigned attorneys to represent him and has agreed to pay reasonable attorney's fees and costs.

10. Plaintiff demands trial by jury on all counts so triable.

11. Plaintiff, Paul Little, was employed by the Defendants as a Diesel Mechanic beginning in 2010.

12. At all times relevant to this suit, Plaintiff's employers were employers subject to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000 (et. seq); the Whistleblower Protection Act of 1989 (as amended), 5 U.S.C. § 2302(b)(8)-(9); the Patient Protection and Affordable Care Act (as amended), 42 U.S.C. 18001; and the Americans with Disabilities Act of 1990 (as amended), 42 U.S.C. § 12101.

13. On or about February 6, 2018, Plaintiff, Paul Little, was admitted to the Brandon Hospital with Congestive Heart Failure.

14. On or about February 12, 2018, Plaintiff, Paul Little, was released from the hospital.

15. Plaintiff, Paul Little, was released from the hospital with a wearable defibrillator.

16. Between February 6, 2018 and February 12, 2018, Plaintiff, Paul Little, was in contact with the Defendants.

17. On or about February 13, 2018, Plaintiff, Paul Little, went to his employment location.

18. Bruce Ritchey denied the Plaintiff, Paul Little, any work or return to work until the wearable defibrillator was removed.

19. On or about April 8, 2018, Vickie Leach contacted the Plaintiff, Paul Little, to state that he was out of Paid Time Off to pay for the employee's portion of his health insurance plan.

20. On or about April 17, 2018, the Plaintiff, Paul Little, received notice that his health insurance had been cancelled as of April 1, 2018.

21. On or about April 17, 2018, the Plaintiff, Paul Little, complained to the Defendants that his health insurance plan had been cancelled without any notice and had been back dated to April 1, 2018.

22. On or about April 17, 2018, the Plaintiff, Paul Little, contacted Serena Kurtz, an attorney, to help him with the cancellation of his health insurance.

23. On or about April 17, 2018, Serena Kurtz spoke with Vickie Leach and Bruce Ritchey about the back dating of the cancellation of the insurance.

24. On or about April 17, 2018, the Plaintiff's health insurance was reinstated by the Defendants.

25. On or about April 17, 2018, Bruce Ritchey sent via certified mail a letter to the Plaintiff stating that his employment was terminated as of April 17, 2018.

26. On or about April 26, 2018, the Plaintiff, Paul Little, contacted the EEOC about his termination.

27. Between August 2018 and April 2019, the Plaintiff, Paul Little, received phone calls from blocked numbers.  The callers' voices were familiar to the Plaintiff, but the Plaintiff is unable to name the exact caller.  The phone calls always involved threats of violence and "bad things" if the Plaintiff did not back off with the EEOC.

28. Between April 2018 and the current date, the Plaintiff, Paul Little, has been unable to get employment as the Defendants' agents have continually contacted various employers about the Plaintiff.

## COUNT I
## VIOLATION OF THE WHISTLEBLOWER PROTECTION ACT OF 1989 - 5

### U.S.C. §§ 2302(B)(8)-(9)

29. Plaintiff realleges paragraphs 1 through 25 as if set forth herein.

30. On April 17, 2018, the Plaintiff, Paul Little, discussed with Vickie Leach that the cancellation of his insurance could not be backdated.

31. The cancellation of the insurance and backdating the cancellation of the insurance is a violation of the Patient Protection and Affordable Care Act (as amended), 42. U.S.C. 18001.

32. On April 17, 2018, the Plaintiff, Paul Little, contacted legal representation because of the backdating of his health insurance cancellation.

33. On April 17, 2018, the Defendants terminated the Plaintiff in retaliation of the Plaintiff complaining of the cancellation of the health insurance.

34. Plaintiff's termination was retaliation for the Plaintiff's protected Whistleblower activities.

## COUNT II
## FLORIDA'S WHISTLEBLOWER ACT STATUTE 448.102

35. Plaintiff realleges paragraphs 1 through 25 as if set forth herein.

36. On April 17, 2018, the Plaintiff, Paul Little, discussed with Vickie Leach that the cancellation of his insurance could not be backdated.

37. The cancellation of the insurance and backdating the cancellation of the insurance is a violation of the Patient Protection and Affordable Care Act (as amended), 42. U.S.C. 18001.

38. On April 17, 2018, the Plaintiff, Paul Little, contacted legal representation because of the backdating of his health insurance cancellation.

39. On April 17, 2018, the Defendants terminated the Plaintiff in retaliation of the Plaintiff complaining of the cancellation of the health insurance.

40. Plaintiff's termination was retaliation for the Plaintiff's protected Whistleblower activities.

## COUNT III
## AMERICAN WITH DISABILITIES ACT RETALIATORY CLAIM

41. Plaintiff realleges paragraphs 1 through 25 as if set forth herein

42. Plaintiff, Paul Little, has a disability based upon his medical conditions.

43. On or about February 13, 2018, the Plaintiff, Paul Little, requested a reasonable accommodation for his disability in good faith and a reasonable belief that he was entitled to the accommodation.

44. The Plaintiff's requested reasonable accommodation for his disability was that he not be alone at the work locations.

45. The Plaintiff's reasonable accommodation was denied for no reason.

46. The Plaintiff suffered a materially adverse employment action by being denied his reasonable accommodation.

47. The Plaintiff's reasonable accommodation was denied because his employer was discriminating against him for because of his disability.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT

48. Plaintiff realleges paragraphs 1 through 25 as if set forth herein

49. Plaintiff, Paul Little, has a disability based upon his medical conditions.

50. On or about February 13, 2018, the Plaintiff, Paul Little, requested a reasonable accommodation for his disability in good faith and a reasonable belief that he was entitled to the accommodation.

51. The Plaintiff's requested reasonable accommodation for his disability was that he not be alone at the work locations.

52. The Plaintiff's reasonable accommodation was denied for no reason.

53. The Plaintiff suffered a materially adverse employment action by being denied his reasonable accommodation.

54. The Plaintiff's reasonable accommodation was denied because his employer was discriminating against him for because of his disability.

**WHEREFORE**, Plaintiff, Paul Little, demands judgment against the Defendant, in an amount which will compensate him for:

    a.    Violation of his rights under Title VII of the Civil Rights Act of 1964;

    b.    Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future; and past and future medical expenses;

    c.    Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

    d.    A permanent injunction against future acts of discrimination and harassment against Plaintiff;

    e.    Trial by jury on all issues so triable;

    f.    Costs expended herein, including reasonable attorneys' fees;

    g.    Pre-judgment and post-judgment interest; and

    h.    Any and all other relief to which he may be entitled.

Respectfully submitted,

Law Offices of Clint Curtis & Associates, PA


By:/s/ Sylvain R. Robitaille_____
Sylvain R. Robitaille
Florida Bar No. 88298
Attorney for Plaintiff
7217 E. Colonial Drive, Suite 113
Orlando, FL 32807
Tel. (407) 384-3120
E-mail: law@clintcurtis.com